IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 10 CR 905-1 |
| | ) | Hon. Charles R. Norgle |
| MICHAEL CHEZAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Court adopts the Magistrate Judge's October 14, 2014 Report and Recommendation [172]. The Government's Motion to Reconsider [92] is granted.

## STATEMENT

Before the Court is the Government's motion to reconsider the Court's April 26, 2013 Order granting Michael Chezan's ("Defendant") motion to withdraw his guilty plea. For the following reasons, the Court adopts the Magistrate Judge's Report and Recommendation and the Government's motion to reconsider is granted.

Defendant, born in Romania but a lawful permanent resident in this country, was indicted on October 26, 2010, along with co-defendant Marcel Zabojnik, for arranging fraudulent marriages. Defendant was also indicted for mortgage fraud on May 19, 2009. That case, United States v. Chezan, Case No. 09-CR-274-4, is also ongoing. On October 11, 2011, Defendant pleaded guilty to two counts of marriage fraud in violation of 18 U.S.C. § 1546(a). On April 24, 2013, Defendant filed a motion to withdraw his guilty plea along with an offer of proof including, among other things, communications he had with a privately retained immigration attorney after he pleaded guilty. He argued that, before he pleaded guilty, his counsel erroneously advised him of the potentially adverse immigration consequences associated with his change of plea. On April 26, 2013, the Court granted Defendant's motion to withdraw his guilty plea. The Government subsequently filed a motion asking the Court to reconsider its Order allowing Defendant to withdraw his guilty plea. The Court then referred the case to the assigned magistrate judge, Magistrate Judge Sheila Finnegan, for an evidentiary hearing on the matter.

The Magistrate Judge conducted a two-day evidentiary hearing and produced a remarkable fifty-two page Report and Recommendation. The hearing included testimony from: 1) Defendant; 2) Defendant's lead defense counsel Thomas A. Durkin ("Mr. Durkin"); and 3) immigration attorney Justin Burton ("Mr. Burton"), who Defendant hired before pleading guilty. The hearing also included emails and communications between Defendant, Mr. Durkin, Mr. Burton, the Government prosecutors, and the second immigration attorney that Defendant hired after he pleaded guilty. The Magistrate Judge found that "the record demonstrates that Defendant knew he faced deportation, actively worked to avoid that result, and received appropriate warning from his lawyers regarding the immigration consequences of pleading guilty to an aggravated felony with a sentence of one year or more." Report and Recommendation, at

52. The Magistrate Judge "recommend[ed] that the government's Motion to Reconsider [92] be granted, and that Defendant not be allowed to withdraw his guilty plea." Id.

The district court makes a "*de novo* determination" of the objections to a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C). The district court, "in the exercise of sound judicial discretion," is not required to rehear the witnesses or conduct further hearings on the matter. United States v. Raddatz, 447 U.S. 667, 675 (1980). It "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" and "if following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings as its own." Goffman v. Gross, 59 F.3d 668, 671 (1995) (citing Raddatz, 447 U.S. at 675). Here, the Court is satisfied with the Magistrate Judge's Report and Recommendation and treats the findings as its own. The Court "will 'not second guess the determinations made by a judicial officer who has observed the testimony and made careful judgments about the witness' veracity.'" United States v. White, 582 F.3d 787, 795 (7th Cir. 2009).

Granting a motion to reconsider is only appropriate when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotation marks and citation omitted). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare." Id. (internal quotation marks and citation omitted); see also Broaddus v. Shields, 665 F.3d 846, 860 (7th Cir. 2011), overruled on other grounds by Hill v. Tangherlini, 724 F.3d 965 (7th Cir. 2013).

The evidentiary hearing before the Magistrate Judge elucidated the precise details of how Mr. Burton counseled Defendant on the effects that this criminal matter would have on his eligibility to remain in the United States. Mr. Burton met with Defendant, researched the facts of Defendant's case and relevant case law, provided legal consultation to Defendant via email, and accompanied Mr. Durkin and Defendant to the government's initial plea bargain proffer on November 15, 2010. Defendant received no further advice from any immigration attorney before pleading guilty, almost a year later, on October 11, 2011.

Particularly, the Magistrate Judge found that "Mr. Burton wrote in the November 14, 2010 email that he had 'major concerns' about a plea to 'even one count in violation of 18 U.S.C. 1546(a).'" Report and Recommendation, at 39. Defendant testified that Mr. Burton assured him of certain success before the Board of Immigration Appeals, but the Magistrate Judge did "not find remotely credible…Defendant's testimony in this regard since it [was] contradicted both by the written communications and Mr. Burton's credible testimony during the hearing." Id. at 38-39. Furthermore, the Magistrate Judge found that despite the complex issues in Defendant's case, Defendant knew before he changed his plea to guilty, that he "still faced a serious risk of deportation and knew this based on the advice of his lawyers." Id. at 46.

In his objection to the Magistrate Judge's Report, Defendant argues that he received ineffective assistance of counsel regarding his guilty plea in violation of the precepts of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1894) and Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473 (2010). Padilla set forth the rule "that 'when the deportation consequence [of a guilty plea] is truly clear,' counsel has a duty to 'give correct advice.' 130 S. Ct. at 1483. But '[w]hen the law is not succinct and straightforward,' such that 'the deportation consequences of a particular plea are unclear or uncertain,' 'a criminal defense attorney need do

no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences.'" Chaidez v. United States, 655 F.3d 684, 693 (7th Cir. 2011) (quoting Padilla, 559 U.S. at 369). Here, Mr. Burton's advice, provided in conjunction with Mr. Durkin's representation of Defendant in the criminal case, went above and beyond the duty required in Padilla.

Moreover, a defendant can withdraw a guilty plea by showing "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The purpose of the rule "is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty.'" United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir. 1991) (quoting United States v. Carr, 740 F.2d 339, 345 (5th Cir. 1984)); cited with approval in United States v. Rahim, 54 Fed. App'x 863, 868 (7th Cir. 2002). The procedural history and new evidence before the Court shows that Defendant did not hastily enter a plea of guilty. He received competent advice from at least two attorneys prior to pleading guilty. He then waited almost a year before choosing to plead guilty. Afterwards, he consulted with a new immigration attorney and filed a motion to withdraw his plea more than eighteen months after his guilty plea was entered. Defendant's effort to withdraw his guilty plea is clearly a tactical decision. Defendant's procedural posturing can continue no longer.

The Government's motion to reconsider is granted. The Court will not allow Defendant to withdraw his October 11, 2011 guilty plea. This matter will proceed to sentencing accordingly.

IT IS SO ORDERED.

ENTER:

*[signature: Charles Norgle]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 18, 2015